**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Mary C. Gaskins, | |
| Plaintiff, | Civil No. 3:26-cv-00697 (VAB) |
| v. | |
| Carolyn Crouch et al., | July 16, 2026 |
| Defendants. | |

**RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED**
***IN FORMA PAUPERIS* AND INITIAL REVIEW OF THE**
**COMPLAINT UNDER 28 U.S.C. § 1915**

### I.      Introduction

This is a lawsuit filed by the plaintiff, Mary C. Gaskins, proceeding *pro se*, against eight

individual defendants.[1]  Ms. Gaskins alleges that the defendants have, over a period spanning

several decades, engaged in a series of schemes and conspiracies designed to deprive her of her

assets and her rightful inheritance.[2]  She further alleges that certain defendants subjected her to

abuse, harassment, and assault.[3]  She seeks permission from the court to begin her lawsuit *in forma*

*pauperis*, or "IFP."[4]

When a plaintiff wishes to proceed IFP, the court ordinarily conducts two inquiries.  First,

it reviews the plaintiff's financial affidavit and determines whether she is unable to pay the fee.[5]

Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court

---

[1]      Complaint, Docket No. 1.
[2]      Complaint, Docket No. 1, at 3-7.
[3]      Complaint, Docket No. 1, at 4, 7-8.
[4]      Motion for Leave to Proceed *In Forma Pauperis*, Docket No. 10.
[5]      28 U.S.C. § 1915(a).

examines her complaint to determine whether, among other things, it is "frivolous or malicious" or "fails to state a claim on which relief may be granted."[6]  If the complaint is frivolous, malicious, or "fails to state a claim," the court must dismiss the case.[7]

United States District Judge Victor A. Bolden referred Ms. Gaskins' case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these inquiries.[8]  I have thoroughly reviewed the complaint, the IFP motion, and the accompanying financial affidavit.  In the first step of the analysis, I conclude that the motion for leave to proceed IFP should be granted, because Ms. Gaskins has demonstrated that she is unable to pay the filing fee.  But in the second step, I recommend that Judge Bolden dismiss all of Ms. Gaskins' claims for failure to state a claim on which relief may be granted.  I further recommend that the dismissal be without prejudice to repleading.

## II.    The First Inquiry: IFP Status

Typically, when a plaintiff files a case in federal court, she must pay filing and administrative fees totaling $405.00.[9]  A court may nonetheless "authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]"[10]  To qualify as "unable to pay," the plaintiff does not have to demonstrate

---

[6]    28 U.S.C. § 1915(e)(2)(B).
[7]    28 U.S.C. § 1915(e)(2).
[8]    Order of Referral, Docket No. 11.
[9]    The filing fee for a civil action is $350, "plus such additional fees . . . as are prescribed by the Judicial Conference of the United States."  28 U.S.C. § 1914.  As of December 1, 2023, the additional administrative fee is $55.00.  ADMIN. OFFICE OF THE U.S. COURTS, *District Court Miscellaneous Fee Schedule* (Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.
[10]    28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (stating that litigants who qualify for IFP status "may commence a civil action without prepaying fees").

absolute destitution,[11] but she does need to show that "paying such fees would constitute a serious hardship[.]"[12]  The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and [her] dependents with the necessities of life."[13]

In her application to proceed IFP, Ms. Gaskins states that she has only $22 in cash on hand and nothing in checking, money market, or savings accounts.[14]  She owns no other property other than a 2024 Nissan Kicks.[15]  She receives $1,100 monthly in social security benefits and $112 per month in pension income, but she has $2,507 in monthly living expenses.[16]  Based on these statements, I conclude that payment of the filing fee "would constitute a serious hardship."[17]  I will therefore grant Ms. Gaskins' motion to proceed IFP at Docket No. 10.

### III.    The Second Inquiry: Review of the Amended Complaint

As noted above, the second inquiry asks whether the plaintiff's complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted."[18]  If a complaint is frivolous or fails to state a claim, the Court "shall dismiss the case."[19]  A complaint is "frivolous" within the meaning of the statute when, among other things, it "has no arguable basis in law or fact" or "is based on an indisputably meritless legal theory."[20]  When a plaintiff's allegations are "fanciful," "fantastic," or "rise to the level of the irrational or the wholly incredible," the court

---

[11]    *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).
[12]    *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).
[13]    *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation omitted).
[14]    Motion for Leave to Proceed *In Forma Pauperis*, Docket No. 10, at 4.
[15]    Motion for Leave to Proceed *In Forma Pauperis*, Docket No. 10, at 4.
[16]    Motion for Leave to Proceed *In Forma Pauperis*, Docket No. 10, at 3, 5.
[17]    *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).
[18]    28 U.S.C. § 1915(e)(2)(B).
[19]    28 U.S.C. § 1915(e)(2).
[20]    *Montero v. Travis,* 171 F.3d 757, 759 (2d Cir. 1999) (citation omitted).

may find that her complaint is frivolous.[21]  A complaint "fails to state a claim on which relief can be granted" when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[22]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]   In this context, the court must accept all non-conclusory allegations contained in the complaint as true. [24]   But this rule does not apply to "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]"[25]

These rules are interpreted liberally in the case of *pro se* plaintiffs like Ms. Gaskins.  "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel."[26]  Put differently, courts interpret *pro se* complaints "to raise the strongest arguments that they suggest."[27]  Since *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests.[28]

This liberality has limits, however – and one limit is that the court may not fill the gaps in a *pro se* plaintiff's complaint by imagining facts that she did not plead.  While courts "are

---

[21]    *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citation omitted).
[22]    *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).
[23]    *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[24]    *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[25]    *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[26]    *Lerman v. Board of Elections*, 232 F.3d 135, 139-40 (2d Cir. 2000).
[27]    *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted).
[28]    *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports," they "cannot invent factual allegations that [she] has not pled."[29] "Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility."[30]

This case, which was filed on May 6, 2026, is the fourth case that Ms. Gaskins has filed in this Court. Last year, she filed three cases with some overlapping defendants between all three cases.[31] As in her previous cases, her new complaint names as defendants several Christian preachers from around the country who publish content on the internet.[32] The two other defendants are people to whom the plaintiff alleges a familial connection – Carolyn or "Carol" Crouch, who the plaintiff identifies as her sibling and her late adoptive father's "personal representative"[33]; and Cynthia Franklin, who the plaintiff identifies as her eldest sibling and, at one point, the plaintiff's own "personal representative."[34] She asserts all the defendants, in some way or another, were involved in mismanaging, concealing, or stealing funds tied to her inheritance, and engaged in a range of other wrongful acts against her.[35] The allegations span more than six decades, from the early 1960s to the present.[36] She lists the following disparate and conclusory claims:

I.   "Inheritance – concealment, funds stolen" (citing a federal criminal statute)
II.   "Breach of fiduciary, mistrust and concealment, and theft"

---

[29]    *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

[30]    *Vega v. University of Connecticut Medical Center*, No. 3:11-cv-1864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) (citation omitted).

[31]    *See Gaskins v. Bryant et al.*, 25-cv-318 (VDO) (dismissed on March 11, 2025, for lack of subject matter jurisdiction); *Gaskins v. Jones et al.*, 25-cv-1226 (VAB) (dismissed on November 6, 2025 as factually and legally frivolous); *Gaskins v. Jones et al.*, 25-cv-1386 (VAB) (dismissed on May 7, 2026 for failure to pay the filing fee or move to proceed IFP).

[32]    Complaint, Docket No. 1, at 1-3.

[33]    Complaint, Docket No. 1, at 1, 4.

[34]    Complaint, Docket No. 1, at 3-4.

[35]    *See generally* Complaint, Docket No. 1.

[36]    *See generally* Complaint, Docket No. 1.

    III.    Forgery, fraud, and fraudulent forced labor, "sold into involuntary servitude" (citing federal criminal statutes)

    IV.    Larceny, false imprisonment, assault and battery, "occult behavior" (citing federal criminal statutes)

    V.    "Electronic communication and invasion of privacy" (citing federal criminal statutes)

    VI.    Forced marriage and stalking (citing federal criminal statutes)[37]

Even read in the most generous light, many of the claims are legally and factually frivolous, and none states a claim upon which relief may be granted. The Complaint asserts violation of several federal criminal statutes; however, a private party has no right to bring a civil lawsuit under criminal statutes "absent an indication that Congress intended to create such a private right of action,"[38] which is not present here. And even to the extent that there exist civil versions of some of the claims, those claims are factually frivolous or fail to state a claim upon which relief may be granted.

Claim I, asserted against defendant Crouch, states: "1. For 65 years my 'inheritage' (knowledge of biological parent was concealed). 2. Funds stolen from [inheritance] funds. This happen occurred during early childhood (1965-1979) thru adulthood and beyond."[39] Ms. Gaskins does not explain how Crouch was involved in the concealment of her heritage, nor the ongoing theft of her inheritance funds for the past sixty-one years. Her only specific allegation regarding Crouch is in her "brief of case," where she states that Crouch was her late adoptive father's "personal representative" and that, following his death in 2017, she allegedly deprived the plaintiff of her portion of her inheritance.[40] Many state Superior Courts in Connecticut recognize a cause

---

[37]    Complaint, Docket No. 1, at 6-8.

[38]    *Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (summary order).

[39]    Complaint, Docket No. 1, at 6.

[40]    Complaint, Docket No. 1, at 4.

of action for "tortious interference with the right of inheritance."[41]   The courts that have recognized this tort have identified its elements as: "(1) an expected inheritance, (2) the defendant's knowledge of the expected inheritance, (3) the defendant's intent to interfere with the expected inheritance, (4) the interference was tortious, and (5) actual loss suffered by the plaintiff as a result of the defendant's tortious conduct."[42]   The plaintiff does not allege any facts which, if she were to prove them at a later stage of the case, would establish that Crouch knew about her alleged inheritance, intended to interfere with that inheritance, or that the interference was tortious. Therefore, this claim does not meet the standard of facial plausibility and fails to state a claim upon which relief may be granted.

Claim II, asserted against defendants Franklin and Norman Jones, states: "2000-2010 funds were misused and stolen.  Everything (actions) were concealed from me – from basically toddler-adult."[43]   Regarding Jones, she states that he became her "personal representative" through "fraud and trickery" in 2000-2008.[44]   She asserts that in 2006, Jones and his accomplice, defendant Hezekiah Walker, stole inheritance funds from her trust account.[45]   These claims are so thinly pled as to be frivolous, even applying the liberal construction due to *pro se* pleadings.  The plaintiff does not allege any non-conclusory facts establishing how Jones, a celebrity preacher from California, came to be her "personal representative" and steal inheritance funds from her account. Nor does she detail how Walker, a celebrity preacher from New York, was involved in a multi-year

---

[41]   *Solon v. Slater*, 345 Conn. 794, 820 (2023).  No appellate court has taken a position on whether this cause of action exists under Connecticut law, and the Court does not express an opinion here.
[42]   *Solon v. Slater*, 345 Conn. 794, 820 (2023).
[43]   Complaint, Docket No. 1, at 6.
[44]   Complaint, Docket No. 1, at 4.
[45]   Complaint, Docket No. 1, at 3.

scheme to steal her inheritance.  The Court concludes that these factual claims are "fanciful" and "rise to the level of the irrational or the wholly incredible," [46] and are thus frivolous.

Regarding defendant Franklin, the plaintiff alleges that Franklin is her eldest sibling and became her "personal representative" in 2018.[47]  She asserts that Franklin failed "in honesty to wards" by not telling the plaintiff where her funds were or who had them.[48]  She claims "breach of fiduciary [duty]," but she does not allege enough facts to meet the standard for facial plausibility. For a breach of fiduciary duty claim to succeed, a plaintiff must plead four elements: 1) "[t]hat a fiduciary relationship existed which gave rise to . . . a duty of loyalty[,] . . . an obligation . . . to act in the best interests of the plaintiff, and . . . an obligation . . . to act in good faith in any matter relating to the plaintiff"; 2) "[t]hat the defendant advanced his or her own interests to the detriment of the plaintiff"; 3) "[t]hat the plaintiff sustained damages;" and 4) "[t]hat the damages were proximately caused by the fiduciary's breach of his or her fiduciary duty."[49]  The plaintiff does not state what "personal representative" means in this context, or what responsibilities and obligations attach to that role.  Even if a fiduciary relationship did exist, the plaintiff does not allege that she sustained any damages because of Franklin's breach of some fiduciary duty.

There are no comprehensible factual allegations to support claims III-VI.  Claim III, asserted against defendant Jones, alleges: "Forgery, Fraud, and Fraudulent Forced Labor . . . sold into involuntary servitude . . . . During the year of 2000-2010, Richard the perpetrator tricked . . . former 'executive' in order to receive the 'executor' account.'"[50]  Claim IV, alleged against defendant Walker, alleges that Walker was "part of a physical assault/(assault and battery), theft

---

[46]     *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citation omitted).
[47]     Complaint, Docket No. 1, at 4.
[48]     Complaint, Docket No. 1, at 4.
[49]     *Chioffi v. Martin*, 181 Conn. App. 111, 138 (2018) (citation omitted).
[50]     Complaint, Docket No. 1, at 7.

involving 'Plaintiff', 2006-2026."[51]  Claim V, asserted against defendant Mark Moore, alleges "electronic communication and invasion of privacy."[52]  Finally, Claim VI asserts "forced marriage and stalking," with the plaintiff alleging that defendant Juanita Bynum Weeks compelled Walker to "be a partner to [the plaintiff].  This was nonconsensual lasted from 2017-present time.  Perpetrator H. Walker."[53]  The totality of the Complaint compels the conclusion that these claims are frivolous and fail to plausibly state a claim.  Given the nature of the defendants named (celebrity preachers), their location (around the country), the haphazard collection of claims, the absence of any factual detail, and the plaintiff's previous filing of three cases asserting similarly random and unsupported claims against some of the same defendants, these claims lack any arguable basis in law or fact.

### IV.    Conclusion

For the reasons stated in Section II, Ms. Gaskins' motion for leave to proceed IFP at ECF No. 10 is granted.  For the reasons stated in Section III, I recommend that Judge Bolden dismiss all the claims in the complaint.  I further recommend, however, that the dismissal be without prejudice to repleading.  If my recommendation is accepted, this would mean that Ms. Gaskins could file an amended complaint attempting to cure the defects identified in this recommended ruling.[54]  There may be no cure for those defects, but *pro se* plaintiffs are usually given "leave to amend at least once."[55]

---

[51]    Complaint, Docket No. 1, at 7.
[52]    Complaint, Docket No. 1, at 7.
[53]    Complaint, Docket No. 1, at 8.
[54]    *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).
[55]    *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

This is a recommended ruling by a magistrate judge.[56]  **If Ms. Gaskins wishes to object to my recommendation, she must file that objection with the Clerk of the Court by August 4, 2026.[57]**  If she fails to file a timely objection, her failure "operates as a waiver of any further judicial review[.]"[58]  In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals.[59]

*/s/ Thomas O. Farrish*
_____
Hon. Thomas O. Farrish
United States Magistrate Judge

---

[56]    Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).

[57]    *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who will receive the recommendation from the Clerk of the Court via mail).

[58]    *Small v. Secretary of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

[59]    *Small v. Secretary of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *Impala v. U.S. Department of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).